**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL E. CARILLO- CARILLO, | Case No. 1:23-cv-1690 JLT SAB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| WARDEN, FCI-MENDOTA, | (Doc. 9) |
| Respondent. | |

Samuel E. Carillo-Carillo is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he "earned time credits ('ETCs') which, under the First Step Act, entitle him to immediate transfer into supervised release or pre-release custody, however, the BOP refuses to enable him to apply his ETCs because he has an Immigration Detainer…." (Doc. 1 at 6.)

The magistrate judge noted it was appropriate to take judicial notice of the records of the Federal Bureau of Prisons, which indicated "Petitioner was released from BOP custody on January 31, 2024." (Doc. 9 at 2.) The magistrate judge found "the Court cannot provide the relief sought by the petition," and recommended the petition be dismissed as moot. (*Id.*, citing *Sila v. Warden*, 2023 WL 2504476, at *2 (C.D. Cal. Feb. 13, 2023).) The Court served the Findings and Recommendations on Petitioner at the only known address—FCI Mendota—and the

1

U.S. Postal Service returned the document as "Undeliverable, RTS- No Longer at this Address" on April 26, 2024.[1,2]

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Therefore, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 18, 2024 (Doc. 9) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** as moot.
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **July 5, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f).

[2] Pursuant to Local Rule 183(b), Petitioner was required to file a notice of change of address within 63 days, or no later than June 28, 2024.  However, no change of address was filed and the Court remains unable to communicate with Petitioner.